

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**November 12, 2021 15:51**

By: PAMELA DIMO 0095371

Confirmation Nbr. 2402299

CHARLES J. LEVERT, II, AS THE PERSONAL REP , ET AL.      CV 21 955755

     vs.

THE MONTEFIORE HOME, ET AL.      **Judge:** BRENDAN J. SHEEHAN

**Pages Filed:** 22

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| Charles J. Levert, II, as the Personal | ) | CASE NO. |
| Representative of the Estate of | ) | |
| Charles J. Levert, Sr., (Deceased), | ) | |
| 4499 Shirley Drive | ) | |
| South Euclid, Ohio 44121 | ) | JUDGE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT. |
| | ) | |
| The Montefiore Home | ) | |
| One David N Myers Parkway | ) | |
| Beachwood, Ohio 44122 | ) | (Jury Demand Endorsed Hereon). |
| | ) | |
| The Montefiore Home | ) | |
| c/o Registered Agent | ) | |
| James Newbrough | ) | |
| 27100 Cedar Road | ) | |
| Beachwood, Ohio 44122 | ) | |
| | ) | |
| Menorah Park Center for Senior Living | ) | |
| Bet Moshav Zekenim Hadati | ) | |
| c/o Registered Agent | ) | |
| Taft Service Solutions Corp. | ) | |
| 200 Public Square, Suite 3500 | ) | |
| Cleveland, Ohio 44114 | ) | |
| | ) | |
| John Doe 1-10 | ) | |
| (Names and addresses unknown.) | ) | |
| (Defendants John Doe 1-10, | ) | |
| (names and addresses unknown), are | ) | |
| intended to be any and all individuals and/or | ) | |
| entities who, individually and/or by and | ) | |
| through their agents and/or employees | ) | |
| and/or servants and/or officers and/or | ) | |
| directors, directly and proximately caused | ) | |
| injury to Charles J. Levert, Sr., (Deceased) | ) | |
| and/or directly and proximately caused | ) | |
| Charles J. Levert, Sr.'s death by and | ) | |
| through their negligence and/or recklessness | ) | |
| and/or intentional acts, including both acts | ) | |
| of omission and/or acts of commission. | ) | |
| These Defendants include individuals or | ) | |

entities who were employed by the named )
Defendants at all times herein relevant )
and/or were working as independent )
contractors for the named Defendants at all )
times herein relevant and/or were working )
under contract or otherwise for the named )
Defendants at all times herein relevant )
and/or who owned and/or operated any of )
the facilities where Charles J. Levert, Sr. )
was a resident or a patient at all times herein )
relevant.  Despite a good faith effort being )
made by the Plaintiff and his attorneys, )
the names and addresses of )
Defendants John Doe 1-10 could not be )
ascertained prior to the preparation and )
filing of Plaintiff's Complaint. )
    )
                    Defendants. )

       Now comes Plaintiff Charles J. Levert, II, as the Personal Representative of the Estate of

Charles J. Levert, Sr., (Deceased), by and through his attorneys Blake A. Dickson and Pamela

Dimo of The Dickson Firm, L.L.C., and, pursuant to Ohio Revised Code § 2125.01 et seq., and/or

other sections of the Ohio Revised Code, and/or the common law, specifically including, but not

limited to, Ohio Revised Code §3721.10 and Ohio Revised Code §3721.13, hereby files the within

Complaint, against all of the Defendants in the within case, in order to pursue both the survivorship

claims in the within case, and the wrongful death claims in the within case, which claims are being

brought for the exclusive benefit of Decedent Charles J. Levert, Sr.'s next-of-kin.

       1.      At all times herein relevant, Decedent Charles J. Levert, Sr. was a resident of The

Montefiore Home nursing home, located at One David N Myers Parkway in Beachwood, Ohio

44122.

       2.      At all times herein relevant, The Montefiore Home nursing home was owned and/or

operated by one or more of the Defendants, including, but not limited to, one or more of Defendants

John Doe 1-10 (names and addresses unknown).

3.  Defendants John Doe 1-10, (names and addresses unknown), are intended to be any and all individuals and/or entities who, individually and/or by and through their agents and/or employees and/or servants and/or officers and/or directors, directly and proximately caused injury to Charles J. Levert, Sr. (Deceased) and/or directly and proximately caused Charles J. Levert, Sr.'s death, by and through their negligence and/or recklessness and/or intentional acts, and/or actual malice, including both acts of omission and/or acts of commission. These Defendants include individuals or entities who were employed by the named Defendants at all times herein relevant and/or were working as independent contractors for the named Defendants at all times herein relevant and/or were working under contract or otherwise for the named Defendants at all times herein relevant. These Defendants also include any and all individuals or entities who owned and/or operated the subject facility at all times herein relevant and/or employed the staff at the subject facility at all times herein relevant. Despite a good faith effort being made by the Plaintiff and his attorneys, the names and addresses of Defendants John Doe 1-10 could not be ascertained prior to the preparation and filing of Plaintiff's Complaint.

4.  At all times herein relevant, Charles J. Levert, Sr. was a resident of The Montefiore Home nursing home, located at One David N Myers Parkway in Beachwood, Ohio 44122 and he was under the exclusive care of the Defendants.

5.  While under the exclusive care of the Defendants he was neglected and abused. As a result, he suffered severe, permanent and fatal physical and emotional injuries, as a direct and proximate result of the negligence and/or recklessness and/or actual malice of the Defendants.

6.  The Defendants did not provide Decedent Charles J. Levert, Sr. with a safe environment, as they were obligated to.

7.  The Defendants did not adequately supervise Decedent Charles J. Levert, Sr., as

they were obligated to.

8.    The Defendants left Decedent Charles J. Levert, Sr. unattended.

9.    The Defendants neglected and abused Decedent Charles J. Levert, Sr.

10.    The Defendants did not provide Decedent Charles J. Levert, Sr. with proper care.

11.    The Defendants did not provide Decedent Charles J. Levert, Sr. with the care he and his family contracted for.

12.    The Defendants did not provide Decedent Charles J. Levert, Sr. with the care that he needed.

13.    The Defendants failed to provide Charles J. Levert, Sr. with safe medical, diagnostic, and preventative care.

14.    The Defendants failed to provide Charles J. Levert, Sr. with appropriate infection control measures, infection prevention measures, quarantine, and infection testing as required.

15.    The Defendants did not follow proper SARS-COV2/COVID-19 prevention and treatment protocols.

16.    The Defendants ignored complaints from nursing staff about SARS-COV2/COVID-19 prevention and treatment protocols not being followed.

17.    The Defendants ignored complaints from nursing staff and supervisors about staff shortages as a result of the SARS-COV2/COVID-19 pandemic.

18.    The Defendants did not keep Decedent Charles J. Levert, Sr. safe.

19.    The Defendants, individually and/or by and through their agents and/or employees and/or servants and/or officers and/or directors, negligently, recklessly, willfully and/or wantonly improperly implemented SARS-COV2/COVID-19 prevention measures and failed to implement SARS-COV2/COVID-19 prevention measures.

20.     The Defendants individually and/or by and through their agents and/or employees and/or servants and/or officers and/or directors, negligently, recklessly, willfully and/or wantonly conducted improper testing for SARS-COV2/COVID-19 and falsified test results.

21.     Defendants individually and/or by and through their agents and/or employees and/or servants and/or officers and/or directors falsified positive SARS-COV2/COVID-19 test results.  In doing so, Defendants knowingly and with conscious disregard for the rights and safety of others, unnecessarily exposed their residents and their staff including Charles J. Levert, Sr., to SARS-COV2/COVID-19.

22.     Defendants individually and/or by and through their agents and/or employees and/or servants and/or officers and/or directors falsified positive SARS-COV2/COVID-19 test results.

23.     Defendants individually and/or by and through their agents and/or employees and/or servants and/or officers and/or directors intentionally concealed positive SARS-COV2/COVID-19 test results, and thereby put their staff and all of their residents at risk of contracting a potentially fatal virus.

24.     While under the exclusive care of the Defendants, individually and/or by and through their agents and/or employees and/or servants and/or officers and/or directors, Decedent Charles J. Levert, Sr. was caused to suffer numerous severe injuries and illnesses, he was not adequately supervised, he was not comprehensively assessed, the Defendants did not develop a comprehensive care plan for him that addressed his needs.

25.     The Defendants, individually and/or by and through their agents and/or employees, neglected and abused him, including not turning him and repositioning him as he needed to be, not keeping him clean, not changing his dressings, unnecessarily exposing him to SARS-

5

COV2/COVID-19 by failing to implement and maintain proper infection control measures, concealing the fact that numerous residents had SARS-COV2/COVID-19, all of which directly and proximately caused him to suffer multiple injuries including a Stage IV pressure injury to his sacrum/coccyx and a SARS-COV2/COVID-19 infection, all of which caused him pain, personal injury, disability, disfigurement, loss of enjoyment of life and he died as a direct and proximate result of the neglect and recklessness and actual malice and abuse of the Defendants.

26.     The Defendants knew that dozens of their residents had tested positive for SARS-COV2/COVID-19. They intentionally concealed these test results from their staff and from the other residents and their families including Charles J. Levert, Sr. This put their staff and their other residents and all of the visitors to the nursing home and everyone who interacted with their staff and their residents at risk from contracting a potentially fatal virus.

27.     Decedent Charles J. Levert, Sr. died on November 18, 2020, as a direct and proximate result of the injuries and the illness that he suffered at The Montefiore Home nursing home, which injuries and illness were directly and proximately caused by the negligence and/or the recklessness and/or actual malice of the Defendants.

28.     Decedent Charles J. Levert, Sr. died on November 18, 2020 of SARS-COV2/COVID-19 which he contracted at The Montefiore Nursing Home as a direct and proximate result of the negligence and/or the recklessness and/or actual malice of the Defendants.

29.     The Defendants, individually, and/or by and through their agents and/or employees and/or officers and/or directors, held themselves out to the general public and specifically to Decedent Charles J. Levert, Sr. and his next-of-kin, as being capable and competent to provide medical care, nursing care, nursing home care, long term care and/or medical and nursing treatment to its residents, specifically including, but not limited to, Decedent Charles J. Levert, Sr.

Electronically Filed 11/12/2021 15:51 / / CV 21 955755 / Confirmation Nbr. 2402299 / CLCKD

30.    Defendants were dishonest with Decedent Charles J. Levert, Sr. and his family.

31.    They concealed positive SARS-COV2/COVID-19 tests.

32.    Decedent Charles J. Levert, Sr. and his family relied, to their detriment, on the Defendants, individually and/or by and through their agents and/or employees and/or officers and/or directors, to care for Decedent Charles J. Levert, Sr.

33.    The Defendants, individually, and/or by and through their agents and/or employees and/or officers and/or directors, owed a duty to Decedent Charles J. Levert, Sr.

34.    At all times herein relevant, the Defendants, individually and/or by and through their agents and/or employees and/or officers and/or directors, breached that duty.

35.    As a direct and proximate result of the Defendants breaching their duty and providing substandard care to Decedent Charles J. Levert, Sr., individually and/or by and through their agents and/or employees, Decedent Charles J. Levert, Sr. suffered severe injuries, he became very ill and he was not treated properly and he died, as a result.

36.    Defendants, individually, and/or by and through their agents and/or employees and/or officers and/or directors, were negligent and/or reckless in the way they cared for Decedent Charles J. Levert, Sr.

37.    Defendants, individually, and/or by and through their agents and/or employees and/or officers and/or directors, provided substandard care to Decedent Charles J. Levert, Sr.

38.    The care that the Defendants, individually, and/or by and through their agents and/or employees and/or officers and/or directors, provided to Decedent Charles J. Levert, Sr., deviated from the standard of care appropriate to nursing homes and/or long-term care facilities and/or nurses and/or aids in like or similar circumstances.

39.    As a direct and proximate result of the deviation from the standard of care,

7

appropriate for nursing homes and/or long term care facilities and/or nurses and/or aides in like or similar circumstances, Decedent Charles J. Levert, Sr. was caused to suffer severe and eventually fatal injuries, including the development and deterioration of a Stage IV pressure injury to his sacrum/coccyx and SARS-COV2/COVID-19 infection, he was also allowed to get sick and after he got sick he was not treated properly, and his condition got worse, and he died from his illnesses and/or from his injuries.

40.     The negligence and/or recklessness and/or willful and/or wanton conduct of all of the Defendants combined to cause Decedent Charles J. Levert, Sr. indivisible harm.

41.     The Defendants, individually, and/or by and through their agents and/or employees and/or officers and/or directors were negligent and/or reckless in the way they interviewed, investigated, hired, trained, placed, monitored, supervised, educated, trained, disciplined and maintained their employees.

42.     Defendants instructed their employees to falsify and conceal positive SARS-COV2/COVID-19 tests of multiple residents.

43.     Defendants by and through their employees falsified and concealed positive SARS-COV2/COVID-19 tests of multiple residents.

44.     The Defendants, individually and/or by and through their agents and/or employees and/or officers and/or directors were negligent and/or reckless with respect to the policies and/or procedures and/or protocols that they had, and with respect to the policies and/or procedures and/or protocols that they did not have, that they should have had.

45.     The Defendants, individually and/or by and through their agents and/or employees and/or officers and/or directors failed to abide by their own policies and/or procedures and/or protocols with respect to patient care.

8

46.    As a direct and proximate result of the negligence and/or recklessness of the Defendants, individually, and/or by and through their agents and/or employees, Decedent Charles J. Levert, Sr. suffered severe and fatal injuries.

47.    As a direct and proximate result of the Defendants, individually and/or by and through their agents and/or employees and/or servants and/or officers and/or directors, breaching the duty that they owed to Decedent Charles J. Levert, Sr., he suffered serious injuries, he became ill, his condition deteriorated, he incurred medical and hospital bills and he died.

48.    As a direct and proximate result of the negligence and/or recklessness of the Defendants, individually, and/or by and through their agents and/or employees and/or servants and/or officers and/or directors, Decedent Charles J. Levert, Sr. suffered severe and permanent injuries, which caused him pain, physical and mental suffering, disability and damage, and he got sick and his physical condition deteriorated and his sickness got worse, and he suffered additional physical and mental pain and suffering and he died.

49.    As a direct and proximate result of the negligence and/or recklessness of the Defendants, individually, and/or by and through their agents and/or employees and/or servants and/or officers and/or directors, Decedent Charles J. Levert, Sr. necessitated medical care and treatment.

50.    As a direct and proximate result of the negligence and/or recklessness of the Defendants, individually, and/or by and through their agents and/or employees and/or servants and/or officers and/or directors, Decedent Charles J. Levert, Sr. and/or the Estate of Decedent Charles J. Levert, Sr. and/or Decedent Charles J. Levert, Sr.'s next-of-kin , incurred medical and hospital expenses.

51.    One or more of the Defendants also had a duty, pursuant to the Ohio Revised Code,

to provide Decedent Charles J. Levert, Sr. with adequate and appropriate medical treatment and nursing care, and with other services that comprise necessary and appropriate care.

52.     The Defendants breached that duty and as a direct and proximate result of that breach, Decedent Charles J. Levert, Sr. suffered severe and fatal injuries and he died as a result.

53.     The Defendants had a duty to have an adequate number of properly trained staff working at the subject nursing home at all times.

54.     The Defendants breached that duty and as a direct and proximate result of that breach, Decedent Charles J. Levert, Sr. suffered severe and fatal injuries and he died as a result.

55.     At all times herein relevant, Decedent Charles J. Levert, Sr. was a "resident", as defined by Ohio Revised Code §3721.10.

56.     At all times herein relevant, Decedent Charles J. Levert, Sr. was a "resident" of The Montefiore Home nursing home, located at One David N Myers Parkway in Beachwood, Ohio 44122, which is and was, at all times herein relevant, a "home," as defined by Ohio Revised Code §3721.10.

57.     The actions, inaction and neglect in the care provided and not provided to Decedent Charles J. Levert, Sr., by one or more of the Defendants, individually, and/or by and through their agents and/or employees, was a violation of Decedent Charles J. Levert, Sr.'s rights as set forth in Ohio Revised Code §3721.13 and elsewhere in the Ohio Revised Code.

58.     One or more of the Defendants, individually, and/or by and through their agents and/or employees, violated Decedent Charles J. Levert, Sr.'s right to a safe, healthy, clean and decent living environment, pursuant to Ohio Revised Code §3721.13, and the applicable state laws and regulations prescribed by the Public Health Counsel.

59.     One or more of the Defendants, individually and/or by and through their agents

and/or employees, violated Decedent Charles J. Levert, Sr.'s right to be free from physical, verbal, mental and emotional abuse, and to be treated at all times with courtesy, respect and full recognition of dignity and individuality pursuant to Ohio Revised Code §3721.13.

60.     One or more of the Defendants, individually and/or by and through their agents and/or employees, violated Decedent Charles J. Levert, Sr.'s right to adequate and appropriate medical treatment and nursing care, and to other services that comprise necessary and appropriate care, consistent with the program for which Decedent Charles J. Levert, Sr. contracted, in violation of Ohio Revised Code §3721.13.

61.     One or more of the Defendants, individually and/or by and through their agents and/or employees, violated numerous other rights of Decedent Charles J. Levert, Sr., pursuant to the Ohio Revised Code and otherwise, specifically including, but not limited to, Title 37 of the Ohio Revised Code, and various other rights provided to Decedent Charles J. Levert, Sr., pursuant to the common law and otherwise.

62.     Decedent Charles J. Levert, Sr. was under the exclusive care and control of the Defendants, individually, and/or by and through their agents and/or employees and/or servants and/or officers and/or directors, at all times herein relevant, including the times that he suffered numerous injuries, during the times that he got sick, during the times that his illness got progressively worse and leading up to the time when he died.

63.     One or more of the Defendants, individually and/or by and through their agents and/or employees, violated Decedent Charles J. Levert, Sr.'s rights pursuant to Ohio Administrative Code §3701-17-19(C)(1)(b).

64.     One or more of the Defendants, individually and/or by and through their agents and/or employees, violated Decedent Charles J. Levert, Sr.'s rights pursuant to Ohio

Administrative Code §3701-17-19(C)(3)(b).

65.     One or more of the Defendants, individually and/or by and through their agents and/or employees, violated their legal obligation to Decedent Charles J. Levert, Sr. to immediately contact his physician and his family any time he experienced a significant change in his condition, which constituted substandard care and directly and proximately caused his death.

66.     One or more of the Defendants, individually and/or by and through their agents and/or employees, violated numerous other rights of Decedent Charles J. Levert, Sr., pursuant to the Ohio Revised Code and otherwise, specifically including, but not limited to, Title 37 of the Ohio Revised Code, and various other rights provided to Decedent Charles J. Levert, Sr., pursuant to the common law and otherwise.

67.     Decedent Charles J. Levert, Sr. was under the exclusive care and control of the Defendants, individually, and/or by and through their agents and/or employees and/or servants and/or officers and/or directors, at all times herein relevant, including the times that he suffered numerous injuries, during the times that he got sick, during the times that his illness got progressively worse and leading up to the time when he died.

68.     The Defendants, individually, and/or by and through their agents and/or employees and/or servants and/or officers and/or directors, through various acts of commission and various acts of omission, were negligent in the care and treatment that was rendered to Decedent Charles J. Levert, Sr.

69.     Defendants' negligence and/or recklessness directly and proximately caused Decedent Charles J. Levert, Sr. to suffer serious injuries and directly and proximately caused his death.

70.     As a direct and proximate result of the negligence and/or recklessness of the

Defendants, individually and/or by and through their agents and/or employees and/or servants and/or officers and/or directors, Decedent Charles J. Levert, Sr. and/or his estate and/or his next-of-kin incurred medical bills.

71. As a direct and proximate result of the negligence and/or recklessness of the Defendants, individually and/or by and through their agents and/or employees and/or servants and/or officers and/or directors, Decedent Charles J. Levert, Sr. and/or his estate and/or his next-of-kin incurred funeral and burial expenses.

72. As a direct and proximate result of the negligence and/or recklessness of the Defendants, individually and/or by and through their agents and/or employees and/or servants and/or officers and/or directors, Decedent Charles J. Levert, Sr.'s next-of-kin lost Decedent Charles J. Levert, Sr.'s support from the reasonable expected earning capacity of Decedent Charles J. Levert, Sr.

73. As a direct and proximate result of the negligence and/or recklessness of the Defendants, individually, and/or by and through their agents and/or employees and/or servants and/or officers and/or directors, Decedent Charles J. Levert, Sr.'s next-of-kin lost the services of Decedent Charles J. Levert, Sr.

74. As a direct and proximate result of the negligence and/or recklessness of the Defendants, individually, and/or by and through their agents and/or employees and/or servants and/or officers and/or directors, Decedent Charles J. Levert, Sr.'s next-of-kin lost the society of Decedent Charles J. Levert, Sr., including his companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training and education.

75. As a direct and proximate result of the negligence and/or recklessness of the Defendants, individually and/or by and through their agents and/or employees and/or servants

and/or officers and/or directors, Decedent Charles J. Levert, Sr.'s next-of-kin lost their prospective inheritance from Decedent Charles J. Levert, Sr.

76.     As a direct and proximate result of the negligence and/or recklessness of the Defendants, individually, and/or by and through their agents and/or employees and/or servants and/or officers and/or directors, Decedent Charles J. Levert, Sr.'s next-of-kin suffered extreme and severe mental anguish.

77.     The conduct of the Defendants, individually, and/or by and through their agents and/or employees, was negligent and/or reckless and/or wanton.

78.     The conduct of the Defendants, individually, and/or by and through their agents and/or employees, displayed a conscious disregard for the rights and safety of others, specifically including, but not limited to, Decedent Charles J. Levert, Sr.,  which created a great probability that substantial harm would result and substantial harm did result.

79.     The Defendants' conduct in this case constituted actual malice.

80.     Defendants had a duty to disclose to Decedent Charles J. Levert, Sr. and his family that dozens of their residents had tested positive for COVID-19.

81.     The fact that dozens of Defendants' residents had tested positive for COVID-19 was material to the decision of Decedent Charles J. Levert, Sr. and his family to keep Decedent Charles J. Levert, Sr. at The Montefiore Home.

82.     Defendants lied to Decedent Charles J. Levert, Sr. and his family and to the rest of the residents and to their staff and claimed that these residents had tested negative and did not have SARS-COV2/COVID-19 when the Defendants knew that these residents did have SARS-COV2/COVOD-19. They made these misrepresentations falsely, with knowledge of their falsity.

83.     Defendants made these misrepresentations with the intent of misleading Charles J.

Levert, Sr. and his family and to the rest of the residents and to their staff.

84.     Decedent Charles J. Levert, Sr. and his family justifiably relied to their detriment on the misrepresentations of the Defendants.

85.     As a direct and proximate result of Decedent Charles J. Levert, Sr. and his family justifiably relying to their detriment on the misrepresentations of the Defendants, Decedent Charles J. Levert, Sr. contracted SARS-COV2/COVID -19 and he died as a result.

86.     Defendants' conduct constitutes fraud and misrepresentation and concealment.

87.     The claims against the Defendants in this case include claims for ordinary negligence that do not involve a decision, act, or omission requiring knowledge of medical science or specialized training or skill.

88.     Some of the acts or omissions complained of herein regarding the Defendants may be assessed by the trier of fact on the basis of common, everyday experiences and the common knowledge of a lay person.

89.     In other words, some of the acts or omissions complained of do not implicate questions of medical competence nor involve matters of medical science nor art requiring specialized knowledge, training, or skills not ordinarily possessed by lay persons.

90.     Moreover, the acts or omissions complained of herein involve custodial neglect perpetuated by persons who were not medical professionals and/or the acts and omissions complained of herein resulted from the dangerous administrative policies, systems, directives, and/or practices engaged in by the Defendants which affected not only Decedent Charles J. Levert, Sr.,  who is now deceased, but an entire group of residents in the facility.

91.     Accordingly, some of the claims set forth herein sound in ordinary negligence, not medical negligence.

15

92.     Furthermore, to the extent that decisions were made and directives were issued by the Defendants that involved a determination of the nature and number of nursing and custodial staff necessary to provide nursing and custodial care at the facility during Decedent Charles J. Levert, Sr.'s residency, those decisions were made and the directives were issued by lay persons rather than by medical professionals. These lay persons lacked the appropriate medical or nursing training to make such decisions or to issue such directives. When these decisions were made and the directives were issued, the personnel involved were acting in the course and scope of their agency or employment with and for the Defendants who ratified and approved the decisions and conduct at issue.

93.     At all times relevant herein, the Defendants were fully aware that the delivery of essential care and services to the residents in the facility, including Decedent Charles J. Levert, Sr., hinged upon: (a) a determination of the numbers and expenditures on staffing levels in the facility; (b) a determination of census levels within the facility; and (c) a determination of the census mix which in turn established the amount of revenue and impacted the acuity levels of the patient population and, therefore, the facility's ability to meet the acuity levels/needs of the residents.

94.     Despite this knowledge, the Defendants made budgetary and administrative decisions that had a devastating effect on the ability of the facility to provide safe, adequate and essential care and services to the residents, including Decedent Charles J. Levert, Sr.

95.     The decisions and directives of the Defendants as to staffing and census were determined by the financial needs and goals of the Defendants, not the custodial, medical and nursing needs of the residents of the facility, including Decedent Charles J. Levert, Sr.

96.     The Defendants entered into a continuing course of negligent conduct, creating,

16

implementing and enforcing dangerous operational budgets at the facility, which deprived residents, including Decedent Charles J. Levert, Sr., of adequate staffing necessary to meet their custodial needs, including the monitoring and care of Decedent Charles J. Levert, Sr. so as to avoid him suffering injury.

97.     This course of conduct also deprived residents, including Decedent Charles J. Levert, Sr., of supplies necessary to meet their needs.

98.     Notwithstanding the decisions and directives of the Defendants to short staff The Montefiore Home nursing home, located at One David N Myers Parkway in Beachwood, Ohio 44122, and to hire staff who lacked the qualifications and experience to do the job for which they were hired, and to not train the staff properly nor adequately, the Defendants required staff at the facility to recruit heavier care, higher pay residents to the facility, even though the needs of the patient population exceeded the capacity of the staff.  Decedent Charles J. Levert, Sr., therefore, became a victim of this dangerous practice.

99.     At all times herein relevant, the Defendants had a duty to respectively allocate resources and exercise fiscal policies with reasonable care, so as to prevent the infliction of harm on residents of the facility.

100.    The Defendants breached their duty by failing to allocate sufficient financial resources to the facility, thereby causing harm to Decedent Charles J. Levert, Sr.,  as discussed herein, and ultimately causing his death.

101.    More specifically, the Defendants, through their budgetary directives, required the short-staffing and consequent negligent conduct, which caused injuries to Decedent Charles J. Levert, Sr. and ultimately caused his death.

102.    The conduct at issue was specifically directed, controlled, and authorized by the

Electronically Filed 11/12/2021 15:51 / / CV 21 955755 / Confirmation Nbr. 2402299 / CLCKD

Defendants, who knew or should have known that such conduct would likely cause harm to the residents of the facility, including, but not limited to, Decedent Charles J. Levert, Sr.

103.    The control that the Defendants exercised in this regard, surpassed the control that is a normal incident of ownership of a subsidiary and was in disregard for the interests of the subsidiary facility licensee, and the interests of the residents in the facility, including, but not limited to Decedent Charles J. Levert, Sr.

104.    The direct participation of the Defendants, in the conduct at issue, superseded the discretion and interest of their subsidiary, violated the law, and created the conditions leading to the acts and omissions complained of herein.

105.    The agents of the Defendants who made the decisions and took the actions complained of were acting in their capacity as agents, employees, officers, and/or directors of the Defendants.

106.    Because of the interference of some of the Defendants, in the way in which custodial care was delivered at the facility, and because of the direct pressure brought to bear by some of the Defendants, which acted in their own interests, and not for the benefit of their subsidiaries, other Defendants acquiesced and engaged in the negligent conduct complained of herein.

107.    At all times relevant herein, the Defendants knew or should have known that the delivery of essential and necessary care would suffer, causing Decedent Charles J. Levert, Sr. injury, if they did not provide enough financial resources to adequately staff the facility.

108.    By reason of the negligent staffing, budgetary policies, financial decisions, patient recruitment programs, and expenditure restrictions imposed and implemented by the Defendants at their facilities, dependent residents, including Decedent Charles J. Levert, Sr., suffered repeated

18

and ongoing neglect, including the routine deprivation of basic custodial care.

109.    Such ongoing neglect was a direct and proximate cause of Decedent Charles J. Levert, Sr.'s injuries, damages, and death for which the Defendants are liable.

110.    In addition to the foregoing conduct, the Defendants breached the duties they owed to their residents, including Decedent Charles J. Levert, Sr., and they were negligent in their ordinary care and treatment of Decedent Charles J. Levert, Sr., by and through their acts or omissions, which were within the understanding of an ordinary lay person and did not require medical training, assessment or diagnosis.

111.    The acts and omissions complained of include, but are not limited to, the following:

a.    Failure to provide sufficient numbers of personnel to ensure the facility met the custodial, non-medical needs of Decedent Charles J. Levert, Sr., including, but not limited to, failure to timely provide personal attention and care;

b.    Failure to adequately hire, train, supervise, and retain the administrator, director of nursing, and other staff including nurses and aids so as to ensure that Decedent Charles J. Levert, Sr. received appropriate custodial, non-medical care;

c.    Failure to administer the facility in such a manner so as to ensure sufficient staffing and supplies to provide custodial, non-medical care for all residents, including Decedent Charles J. Levert, Sr.;

d.    Failure to adopt adequate guidelines, policies and procedures for documenting, maintaining files, investigating and responding to concerns regarding the custodial, non-medical care of residents, including Decedent Charles J. Levert, Sr.;

e.    Failure to adopt adequate guidelines, policies and procedures for documenting, maintaining files, investigating and responding to concerns regarding misconduct by the custodial, non-medical employees and agents of the Defendants;

f.    Failure to provide a safe environment for residents, including Decedent Charles J. Levert, Sr.;

g.    Failure to provide adequate supervision to custodial, non-medical

personnel;

h.  Failure to provide adequate custodial (non-medical) care;

i.  Failure to protect Decedent Charles J. Levert, Sr. from abuse and neglect;

j.  Failure to treat Decedent Charles J. Levert, Sr. with kindness and respect;

k.  Failure to give Decedent Charles J. Levert, Sr. edible and palatable food and to give him alternatives to food he could not eat and/or which was not palatable to him;

l.  Failure to prevent Decedent Charles J. Levert, Sr. from suffering injuries; and

m.  Making false, misleading, and deceptive representations as to the quality of the custodial, non-medical care and services provided by the facility to their residents, including Decedent Charles J. Levert, Sr..

112.  Each of the acts or omissions set forth operated singularly or in combination, and was a direct and proximate cause of the injuries, damages, and death described in this Complaint.

113.  Decedent Charles J. Levert, Sr.'s injuries and death were the direct and proximate result of the administrative, business, budgetary, and entrepreneurial decisions of the Defendants, which affected all residents of the facility, including, but not limited to, Decedent Charles J. Levert, Sr.

114.  The administrative and budgetary policies, practices and systems of a non-medical or professional nature of the Defendants caused understaffing and the deprivation of custodial care and resulted in the violation of Decedent Charles J. Levert, Sr.'s rights as enumerated above.

115.  As a direct and proximate result of the conduct complained of above, Decedent Charles J. Levert, Sr. suffered injuries, physical pain and mental suffering, loss of enjoyment of life, as well as premature death.

116.  As a direct and proximate result of the conduct complained of above, Decedent Charles J. Levert, Sr. and/or his Estate incurred medical expenses and funeral expenses, loss of

Electronically Filed 11/12/2021 15:51 / / CV 21 955755 / Confirmation Nbr. 2402299 / CLCKD

earnings and earning capacity, and incurred liability to pay reasonable and necessary charges for such care.

117.     The conduct of the Defendants demonstrated actual malice.

118.     The conduct of the Defendants, individually, and/or by and through their agents and/or employees, was negligent and/or reckless and/or willful and/or wanton.

119.     The conduct of the Defendants, individually, and/or by and through their agents and/or employees, displayed a conscious disregard for the rights and safety of others, specifically including, but not limited to, Decedent Charles J. Levert, Sr., which created a great probability that substantial harm would result, and, in fact, substantial harm did result.

**THEREFORE**, Plaintiff, Charles J. Levert, II, as the Personal Representative of the Estate of Charles J. Levert, Sr., (Deceased), demands damages against the Defendants as follows:

A judgment in favor of Plaintiff, Charles J. Levert, II, as the Personal Representative of the Estate of Charles J. Levert, Sr., (Deceased), and against the Defendants, jointly and/or severally and/or concurrently, in an amount, in excess of Twenty-Five Thousand Dollars ($25,000.00), which will fully, fairly and justly compensate the Estate of Charles J. Levert, Sr. for his injuries, damages, and costs and which will fully, fairly and justly compensate Decedent Charles J. Levert, Sr.'s next-of-kin for their damages and costs which they suffered as the direct and proximate result of Decedent Charles J. Levert, Sr.'s death; and

Both pre-judgment and post-judgment interest; and

All of the costs of the within action; and

Attorney fees pursuant to statute and otherwise; and

Punitive damages; and

Any other further relief to which the Court determines that the Estate of Charles J. Levert,

Sr. or his next-of-kin are entitled, at law or in equity.

## JURY DEMAND

Pursuant to Rule 38(B) of the Ohio Rules of Civil Procedure, Plaintiff hereby demands trial

by the maximum number of jurors allowed by law.

Respectfully submitted,
THE DICKSON FIRM, L.L.C.

By: /s/ Blake A. Dickson
   Blake A. Dickson (0059329)
   Pamela Dimo (0095371)
   Enterprise Place, Suite 420
   3401 Enterprise Parkway
   Beachwood, Ohio 44122
   Telephone (216) 595-6500
   Facsimile (216) 595-6501
   E-Mail  BlakeDickson@TheDicksonFirm.com
   E-Mail  PamDimo@TheDicksonFirm.com

Attorneys for Charles J. Levert, II, as the Personal Representative of the Estate of Charles J. Levert, Sr., (Deceased).

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV21955755 | D3 CM | 46001550 |

7 DOUGLAS OHIO 44114

Rule 4 (B) Ohio

Rules of Civil
Procedure

CHARLES J. LEVERT, II, AS THE **PLAINTIFF**
      PERSONAL REP , ET AL
           **VS**
   THE MONTEFIORE HOME, ET AL. **DEFENDANT**

# SUMMONS

MENORAH PARK CENTER FOR SENIOR
LIVING BET MOSHAV ZEKENIM HADATI
CO RA TAFT SERVICE SOLUTIONS CORP.
200 PUBLIC SQUARE, SUITE 3500
CLEVELAND OH 44114

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

**Said answer is required to be served on:**



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

**Plaintiff's Attorney**

PAMELA DIMO
3401 ENTERPRISE PKWY

SUITE 420
BEACHWOOD, OH 44112-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

**Case has been assigned to Judge:**

BRENDAN J SHEEHAN
**Do not contact judge. Judge's name is given for attorney's reference only.**



**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

| DATE SENT |
|---|
| Nov 15, 2021 |

By _____
           Deputy

COMPLAINT FILED    11/12/2021

CMSN130

# SUMMONS IN A CIVIL ACTION   COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV21955755 | D2 CM | 46001549 |

Rule 4 (B) Ohio

Rules of Civil Procedure

CHARLES J. LEVERT, II, AS THE
    PERSONAL REP , ET AL     **PLAINTIFF**
        **VS**
    THE MONTEFIORE HOME, ET AL.     **DEFENDANT**

## SUMMONS

THE MONTEFIORE HOME
CO REGISTERED AGENT JAMES NEWBROUGH
27100 CEDAR ROAD
BEACHWOOD OH 44122

**You have been named defendant in a sums complaint** (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

**You are hereby summoned and required to answer** the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

**Said answer is required to be served on:**



**Said answer is required to be served on Plaintiff's Attorney** (Address denoted by arrow at left.)

Plaintiff's Attorney

PAMELA DIMO
3401 ENTERPRISE PKWY

SUITE 420
BEACHWOOD, OH 44112-0000

**Your answer must also be filed with the court** within 3 days after service of said answer on plaintiff's attorney.

**If you fail to do so, judgment by default will be** rendered against you for the relief demanded in the complaint.

**Case has been assigned to Judge:**

BRENDAN J SHEEHAN
**Do not contact judge. Judge's name is given for attorney's reference only.**

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

| DATE SENT |
|---|
| Nov 15, 2021 |

By_____
        Deputy

COMPLAINT FILED   11/12/2021



CMSN130

Date Produced: 11/22/2021

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3545 8084 61. Our records indicate that this item was delivered on 11/18/2021 at 11:39 a.m. in BEACHWOOD, OH 44122. The scanned image of the recipient information is provided below.

Signature of Recipient :

*C - 19 MUNTIFO—* (handwritten)

Address of Recipient :

*1 DAVID MEYA* (handwritten)

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV21955755 | D1 CM | 46001548 |

Rule 4 (B) Ohio

Rules of Civil Procedure

| | |
|---|---|
| CHARLES J. LEVERT, II, AS THE PERSONAL REP , ET AL | **PLAINTIFF** |
| **VS** | |
| THE MONTEFIORE HOME, ET AL. | **DEFENDANT** |

# SUMMONS

THE MONTEFIORE HOME
ONE DAVID N MYERS PARKWAY
BEACHWOOD OH 44122

**You have been named defendant in a sums complaint** (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

**You are hereby summoned and required to answer** the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

**Said answer is required to be served on:**



**Plaintiff's Attorney**

PAMELA DIMO
3401 ENTERPRISE PKWY

SUITE 420
BEACHWOOD, OH 44112-0000

**Said answer is required to be served on Plaintiff's Attorney** (Address denoted by arrow at left.)

**Your answer must also be filed with the court** within 3 days after service of said answer on plaintiff's attorney.

**If you fail to do so, judgment by default will be rendered** against you for the relief demanded in the complaint.

**Case has been assigned to Judge:**

BRENDAN J SHEEHAN
**Do not contact judge. Judge's name is given for attorney's reference only.**

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

| DATE SENT |
|---|
| Nov 15, 2021 |

By _____
Deputy

COMPLAINT FILED    11/12/2021





**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: MOTION**
**November 12, 2021 15:51**

By: PAMELA DIMO 0095371

Confirmation Nbr. 2402299

CHARLES J. LEVERT, II, AS THE PERSONAL REP , ET AL.        CV 21 955755

     vs.

THE MONTEFIORE HOME, ET AL.        **Judge:**  BRENDAN J. SHEEHAN

**Pages Filed:**  4

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

Charles J. Levert, II, as the Personal    )    CASE NO.
Representative of the Estate of    )
Charles J. Levert, Sr., (Deceased),    )
        )    JUDGE
    Plaintiff,    )
        )
vs.    )    Plaintiff's Motion for Extension of
        )    Time to File Affidavit of Merit.
The Montefiore Home, et al.,    )
        )
    Defendants.    )

Now comes Plaintiff, Charles J. Levert, II, as the Personal Representative of the Estate of Charles J. Levert, Sr., (Deceased), by and through her attorneys Blake A. Dickson and Pam Dimo of The Dickson Firm, L.L.C., and, pursuant to Ohio Civil Rule 10(D), hereby respectfully requests an extension of time to file an Affidavit of Merit.

Ohio Civil Rule 10(D) requires **one of two things** when a complaint that contains a medical claim is filed; **either** that the Plaintiff file an Affidavit of Merit **or** that the Plaintiff file a **Motion for Extension of Time to File an Affidavit of Merit**.

Plaintiff's Complaint in the within case contains a medical claim.

Accordingly, Plaintiff respectfully requests an extension of time of ninety (90) days to file an Affidavit of Merit until **Thursday, February 10, 2022**.

Ohio Civil Rule 10(D)(2)(b) and (c) provide as follows (emphasis added):

(b) The plaintiff may file a motion to extend the period of time to file an affidavit of merit. The motion shall be filed by the plaintiff with the complaint. **For good cause shown and in accordance with division (c) of this rule, the court shall grant the plaintiff a reasonable period of time to file an affidavit of merit, not to exceed ninety days, except the time may be extended beyond ninety days if the court determines that a defendant or non-party has failed to cooperate with discovery or that other circumstances warrant extension.**

(c) In determining whether good cause exists to extend the period of time to file an

affidavit of merit, the court shall consider the following:

> (i) A description of any information necessary in order to obtain an affidavit of merit;
> (ii) Whether the information is in the possession or control of a defendant or third party;
> (iii) The scope and type of discovery necessary to obtain the information;
> (iv) What efforts, if any, were taken to obtain the information;
> (v) Any other facts or circumstances relevant to the ability of the plaintiff to obtain an affidavit of merit.

The Staff Notes to Ohio Civil Rule 10(D) provide (emphasis added):

Because there may be circumstances in which the plaintiff is unable to provide an affidavit of merit when the complaint is filed, division (D)(2)(b) of the rule requires the trial court, when good cause is shown, to provide a reasonable period of time for the plaintiff to obtain and file the affidavit. Division (D)(2)(c) details the circumstances and factors which the Court should consider in determining whether good cause exists to grant the plaintiff an extension of time to file the affidavit of merit. For example, "good cause" may exist in a circumstance where the plaintiff obtains counsel near the expiration of the statute of limitations, and counsel does not have sufficient time to identify a qualified health care provider to conduct the necessary review of applicable medical records and prepare an affidavit. Similarly, the relevant medical records may not have been provided to the plaintiff in a timely fashion by the defendant or a nonparty to the litigation who possesses the records. Further, there may be situations where the medical records do not reveal the names of all of the potential defendants and so until discovery reveals those names, it may be necessary to name a "John Doe" defendant. Once discovery has revealed the name of a defendant previously designated as John Doe and that person is added as a party, the affidavit of merit is required as to that newly named defendant. The medical records might also fail to reveal how or whether medical providers who are identified in the records were involved in the care that led to the malpractice. Under these and other circumstances not described here, the court must afford the plaintiff a reasonable period of time to submit an affidavit that satisfies the requirements set forth in the rule.

It is intended that **the granting of an extension of time to file an affidavit of merit should be <u>liberally applied</u>**, but within the parameters of the "good cause" requirement. **The court should also exercise its discretion to aid plaintiff in obtaining the requisite information.** To accomplish these goals, the plaintiff must specifically inform the Court of the nature of the information needed as opposed to a general averment that more information is needed. The plaintiff should apprise the court, to the extent that it is known, the identity of the person who has the information and the means necessary to obtain the information, to allow the court to grant an appropriate extension of time. If medical records in the possession of a

defendant or non-party must be obtained, the court may issue an order compelling the production of the records. If medical records are non-existent, incomplete, or otherwise inadequate to permit an expert to evaluate the care, the court may, in appropriate circumstances, permit a plaintiff to conduct depositions of parties or non-parties to obtain the information necessary for an expert to complete such a review and provide an affidavit.

Division (D)(2)(b) of the rule sets an outside limit of 90 days to extend the time for the filing of an affidavit of merit, unless the court determines that the defendant or a nonparty in possession of the records has failed to cooperate with discovery, and in that circumstance the court may grant an extension beyond 90 days. This division also vests the trial court with the discretion to determine whether any other circumstances justify granting an extension beyond the 90 days.

Despite Plaintiff's counsel's best efforts, they were not able to obtain all of Charles J. Levert, Sr.'s records, organize them, send them to an expert and obtain an Affidavit of Merit prior to the filing of Plaintiff's Complaint.

Accordingly, Plaintiff respectfully requests an extension of time of ninety (90) days so that Plaintiff's counsel can obtain all of Charles J. Levert, Sr.'s records, organize them, have them reviewed by an expert and then obtain the necessary Affidavit of Merit, making Plaintiff's Affidavit of Merit due on **Thursday, February 10, 2022**.

This Motion is not being made for the purpose of delay.

This Motion should be made in the interest of Justice.

Respectfully submitted,
THE DICKSON FIRM, L.L.C.

By:     /s/ Blake A. Dickson
        Blake A. Dickson (0059329)
        Pamela Dimo (0095371)
        Enterprise Place, Suite 420
        3401 Enterprise Parkway
        Beachwood, Ohio 44122
        Telephone     (216) 595-6500
        Facsimile     (216) 595-6501
        E-Mail        BlakeDickson@TheDicksonFirm.com
        E-Mail        PamDimo@TheDicksonFirm.com

        Attorneys for Charles J. Levert, II, as the Personal
        Representative of the Estate of Charles J. Levert, Sr.,
        (Deceased).



119925178

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

CHARLES J. LEVERT, II, AS THE PERSONAL REP , ET AL
      Plaintiff

Case No: CV-21-955755

Judge: BRENDAN J SHEEHAN

THE MONTEFIORE HOME, ET AL.
      Defendant

## <u>JOURNAL ENTRY</u>

CMC BY PHONE SET FOR 01/06/2022 AT 10:45 AM
CASE MANAGEMENT CONFERENCE (CMC) WILL BE CONDUCTED BY TELEPHONE WITH THE COURT'S STAFF ATTORNEY.

PLAINTIFF'S COUNSEL SHALL INITIATE CONFERENCE CALL WITH ALL OTHER PARTIES AND CONTACT THE COURT'S STAFF ATTORNEY, JAYNE JAKUBAITIS (216-443-8611) PROMPTLY AT THE APPOINTED TIME.  PARTIES SHALL HAVE THEIR CALENDARS AVAILABLE AND BE PREPARED TO DISCUSS SERVICE ISSUES, DISCOVERY PROGRESS, SCHEDULING MATTERS, AND ALTERNATIVE DISPUTE RESOLUTION OPTIONS.

THE PARTIES SHOULD NOT WAIT FOR THE CMC BEFORE BEGINNING TO CONDUCT DISCOVERY.

ANY PARTY WHO FAILS TO PARTICIPATE IN THE CMC WILL BE DEEMED TO HAVE ACCEPTED THE SCHEDULING ORDER ESTABLISHED BY THE COURT.

PARTIES MAY REQUEST THAT THE CASE MANAGEMENT CONFERENCE BE HELD IN PERSON WITH THE COURT BY FILING A MOTION AT LEAST SEVEN DAYS PRIOR TO THE SCHEDULED CASE MANAGEMENT CONFERENCE.

_____
    Judge Signature            12/08/2021

12/07/2021